[991 NE2d 195, 969 NYS2d 421]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WILLIAMS, Appellant.

Argued May 1, 2013; decided May 30, 2013

## APPEARANCES OF COUNSEL

*Steven Banks, Legal Aid Society*, New York City (*Laura Lieberman Cohen* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Daniel R. Alonso* and *Hilary Hassler* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

On June 5, 2007, an undercover police officer on a buy-and-bust operation joined two other people who approached defendant and asked if anyone was "out." Defendant responded that they should "wait" and then walked around the corner. He returned and the undercover heard defendant, with his hand in his shirt covering his mouth, tell the group to "go around the corner," motioning with his head in that direction. The buyers approached a woman sitting on building steps in the middle of the block. The undercover gave the woman $20 in pre-recorded buy money in exchange for two ziplock bags of cocaine. The

woman was arrested at the scene, and the marked money and other drugs were recovered from her. Defendant was arrested several minutes later. He did not have drugs, but he did have over $800 in cash in his left front pants pocket, organized in a stack, including eight $10 bills, and 37 $20 bills.

The court refused defense counsel's agency charge request, noting that the defense in the case was not that defendant had bought drugs on behalf of buyers, but rather that he was not involved in a drug deal at all.

During deliberations, the jury sent several notes requesting further legal instruction. One jury note requested clarification of a legal term, and after asking the jury to return to the courtroom, the court read the note out loud before responding directly to the jury. After considering another jury note asking for a written copy of the court's charge, the court sent a court officer to "[t]ell them no written instructions allowed. The Court will tell them about [the charge] as often as they need to hear it."

Defendant was convicted of third degree criminal sale of a controlled substance and criminal sale of a controlled substance in or near school grounds.

The Appellate Division affirmed, holding that there was no reasonable view of the evidence to support an agency charge, and rejecting defendant's claims that the trial court committed mode of proceedings errors by failing to disclose the contents of a jury note to defense counsel and by delegating to a court officer the task of delivering a message to the jury (88 AD3d 463 [2011]).

It was not error for the trial court to refuse to give an agency charge in this case. A defendant is entitled to a jury charge on the agency defense where "there is some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer" (*People v Echevarria*, 21 NY3d 1, 20 [2013] [internal quotation marks omitted], quoting *People v Roche*, 45 NY2d 78, 86 [1978]). But here, there was no reasonable view of the evidence that defendant acted as a buyer's agent. He did not have a prior relationship with any of the buyers—much less an individual relationship with the undercover. He instantly knew what to do when asked if anyone was "out," had 37 $20 bills in his pocket, and covered his mouth with a shirt when speaking about where to procure drugs.

We are not persuaded by defendant's argument that a mode of proceedings error occurred, when the trial court did not

comply precisely with the requirements of *People v O'Rama* (78 NY2d 270 [1991]; CPL 310.30). Where, as here, defense counsel had notice of a jury note and "failed to object . . . when the error could have been cured," lack of preservation bars the claim (*People v Ramirez*, 15 NY3d 824, 826 [2010]; *see also People v Ippolito*, 20 NY3d 615 [2013]; *People v Starling*, 85 NY2d 509, 516 [1995]).

Nor did the court commit a mode of proceedings error by delegating delivery of its answer to a jury question to a court officer. That task was in this context practically ministerial and defense counsel consented to the procedure (*People v Mays*, 20 NY3d 969, 971 [2012]; *see also People v Bonaparte*, 78 NY2d 26, 31 [1991] [unless a non-judicial officer delivers substantive instructions, the mode of proceedings is not implicated, and the preservation requirement fully applies]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order affirmed, in a memorandum.