█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKEEM LINDSAY, Appellant. [999 NYS2d 186]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered August 23, 2012, convicting him of murder in the second degree, criminal possession of a weapon in the third degree, assault in the second degree, and attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2

NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not deprived of his right to the effective assistance of counsel. Defense counsel provided meaningful representation throughout the proceedings (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant was not denied a fair trial based on the trial judge's isolated comment regarding defense counsel's redirect examination of a witness. Although the trial judge's choice of words for this comment was not ideal, the comment did not denigrate the defense and does not warrant reversal (*see People v Moulton*, 43 NY2d 944, 946 [1978]; *People v Toussaint*, 74 AD3d 846, 847 [2010]).

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not establish that he was punished for asserting his right to a trial (*see People v Pena*, 50 NY2d 400, 411 [1980]; *People v Brock*, 69 AD3d 644 [2010]; *People v DeHaney*, 66 AD3d 1040, 1041 [2009]; *People v Garcia*, 66 AD3d 699, 701 [2009]; *People v Smith*, 49 AD3d 904, 906 [2008]). The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.