OPINION OF THE COURT
Fahey, J.
On this appeal, we are asked to decide whether a trial court commits a mode of proceedings error when the court fails to discuss a substantive jury note with counsel outside the presence of the jury, but reads the note into the record in the presence of the parties, counsel, and the jury before providing a response. While that departure from the O’Rama procedure (see People v O’Rama, 78 NY2d 270, 277-278 [1991]) is generally error, our precedent compels the conclusion that it is not a mode of proceedings error, and the preservation rule therefore applies.
L
In September 2007, defendant and an accomplice severely beat another man and stole his cell phones, cash, and other personal items. Defendant was charged with robbery in the first degree, robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the fifth degree. Defendant proceeded to a jury trial in Supreme Court, Queens County. During deliberations, the jury sent three notes to the court that concern us on this appeal.
*155 The first note requested instruction on the “difference between robbery in the [first] degree and [second] degree.” The second note, sent five minutes later, requested reinstruction “on all [four] charges.” An off-the-record sidebar discussion was held before the court marked these notes as court exhibits 2 and 3. The court then recalled the jury into the courtroom, and, in the presence of the parties, counsel, and the jury, read the notes verbatim into the record. The court then provided legal instructions to the jury. Defendant did not object, either to the court’s procedure or to its responses to the jury.
The jury’s third note stated: “Clarify if [first] count robbery in first degree includes assault and [second] count robbery in second degree does not include assault. Does the degree of injury count towards [first] or [second] degree?” An off-the-record sidebar discussion was held before the court marked the note as court exhibit 4. The court again recalled the jury into the courtroom and read the note into the record in the presence of the parties, counsel, and the jury. The court then provided a response to the jury’s inquiry, and after the foreperson stated that the court had answered the jury’s question, the jury returned to deliberations. Defendant again did not object, either to the court’s procedure or to its response to the jury’s note.
The next note sent by the jury stated that the jury had reached a verdict. Defendant was found guilty as charged.
On appeal, the Appellate Division unanimously reversed the judgment (116 AD3d 886 [2d Dept 2014]), holding that “Supreme Court violated the procedure set forth in O’Rama by reading the contents of the jury note for the first time in front of the jury and immediately providing a response” {id. at 887). The Court further held that because the record failed to demonstrate that the trial court complied with “its core responsibilities under CPL 310.30, a mode of proceedings error occurred requiring reversal . . . , despite defense counsel’s failure to object to the Supreme Court’s handling of the jury’s notes” {id. at 888 [internal quotation marks omitted]).
A Judge of this Court granted the People leave to appeal (23 NY3d 1065 [2014]). We now reverse.
IL
CPL 310.30 requires a trial court to provide “notice to both the people and counsel for the defendant” of a substantive jury *156 inquiry. In O’Rama, we held that the statute requires the court’s notice to counsel to be “meaningful,” and we clarified that this “means notice of the actual specific content of the jurors’ request” (O’Rama, 78 NY2d at 277). This is because “counsel cannot participate effectively or adequately protect the defendant’s rights if this specific information is not given” (id.). We further held that, “in most cases,” meaningful notice is best satisfied by adhering to the procedure outlined in United States v Ronder (639 F2d 931, 934 [2d Cir 1981]), which procedure is now commonly known as the O’Rama procedure:
“Under this procedure, jurors’ inquiries must generally be submitted in writing, since . . . written communications are the surest method for affording the court and counsel an adequate opportunity to confer. Further, whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel. Such a step would ensure a clear and complete record, thereby facilitating adequate and fair appellate review. After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses. As the court noted in Ronder (supra, at 934), the trial court should ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to the potentially harmful information. Finally, when the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry and, in cases where the communication was sent by an individual juror, the rest of the jury panel can appreciate the purpose of the court’s response and the context in which it is being made” (O’Rama, 78 NY2d at 277-278).
We made clear in O’Rama that a trial court does not satisfy its responsibility to provide counsel with meaningful notice of a substantive jury inquiry by summarizing the substance of the note (see id. at 275, 278-279). We held that “[a] court can *157 neither serve the goal of maximizing counsel’s participation nor satisfy the CPL 310.30 requirement that meaningful notice be given when counsel is not afforded a verbatim account of a juror’s communication” (id. at 279). Inasmuch as the trial court’s “error in failing to disclose the contents of the note had the effect of entirely preventing defense counsel from participating meaningfully in this critical stage of the trial,” we held that the failure to provide meaningful notice to counsel was a mode of proceedings error (id.).
Since O’Rama was decided, we have continued to hold that when a trial court paraphrases a jury note or omits a key term, thereby failing to provide counsel with meaningful notice of the precise content of a substantive juror inquiry, a mode of proceedings error occurs, and reversal is therefore required even in the absence of an objection (see People v Walston, 23 NY3d 986, 990 [2014]; People v Tabb, 13 NY3d 852, 853 [2009]; People v Kisoon, 8 NY3d 129, 135 [2007]). This rule is sensible because counsel cannot be expected to object to the court’s response to the jury or to frame an intelligent suggested response if counsel lacks knowledge of the specific content of a substantive jury note. In other words, a trial court’s “failure to read [a] note verbatim deprive [s] counsel of the opportunity to accurately analyze the jury’s deliberations and frame intelligent suggestions for the court’s response” (Kisoon, 8 NY3d at 135). Thus, “[w]here the record fails to show that defense counsel was apprised of the specific, substantive contents of the note . . . preservation is not required” (Walston, 23 NY3d at 990).
Here, by contrast, defendant does not dispute that his trial counsel was “apprised of the specific, substantive contents of the note[s],” inasmuch as the court read the precise contents of the notes into the record in the presence of counsel and the jury before responding to the jury (id.). Nevertheless, the trial court deviated from the O’Rama procedure by failing to first read the notes into the record in the presence of counsel and to provide counsel with “a full opportunity to suggest appropriate responses” outside the presence of the jury (O’Rama, 78 NY2d at 277-278). Although off-the-record sidebar discussions were held before the court recalled the jury, “we cannot assume that [an O’Rama error] was remedied at an off-the-record conference” (Walston, 23 NY3d at 990). We therefore assume for purposes of this appeal that no discussion of the jury’s notes occurred between the court and counsel before the court recalled the jury into the courtroom.
*158 We have repeatedly cautioned, however, that our decision in O’Rama “was not designed ‘to mandate adherence to a rigid set of procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel’s input is most meaningful’ ” (People v Silva, 24 NY3d 294, 299 [2014], rearg denied 24 NY3d 1216 [2015], quoting People v Alcide, 21 NY3d 687, 692 [2013]). As such, we have recognized that “some departures from the procedures outlined in O’Rama may be subject to rules of preservation” (Kisoon, 8 NY3d at 135; see Silva, 24 NY3d at 299; Walston, 23 NY3d at 989).
The issue on this appeal is not whether the trial court deviated from the O’Rama procedure. Rather, the issue is whether this particular deviation from the O’Rama procedure — the trial court’s failure to have a discussion with counsel about the content of the notes and the court’s intended response before recalling the jury into the courtroom and providing a response — falls within the “tightly circumscribed class” of errors known as mode of proceedings errors, which are not subject to the preservation requirement (People v Kelly, 5 NY3d 116, 119-120 [2005]). Our precedent compels the conclusion that this particular deviation from the O’Rama procedure was not a mode of proceedings error, and that counsel was required to object to preserve any claim of error for appellate review.
III.
Our analysis begins with People v Starling (85 NY2d 509 [1995]). In Starling, defense counsel requested certain jury instructions during the charge conference pertaining to intent, which requests the trial court denied (see id. at 513). During deliberations, the jury sent out two notes requesting further legal instruction on the definition of intent (see id. at 514). “On both occasions, the court read the note verbatim in the presence of the jury, counsel and defendant and proceeded to reread the same definition of intent it had previously given” (id.). Thus, the court committed the same departure from O’Rama that is at issue here: the court did not discuss the notes or its intended response with counsel before recalling the jury. In Starling, as is the case here, defendant did not object, either “to the manner of proceeding or to the substance of the court’s responses” (id.).
On appeal, this Court upheld the judgment of conviction, concluding that
*159 “[b]ecause the court read the entire content of the jury’s notes in open court prior to responding, this case is distinguishable from the situation presented in [O’Rama], where the trial court withheld from counsel the contents of a juror’s note, thereby depriving defendant of the opportunity to participate in formulating the court’s response” {id. at 516).
We noted that “defense counsel was given notice of the contents of the jury notes and had knowledge of the substance of the court’s intended response — a verbatim rereading of the intent charge previously given on several occasions” {id.). We therefore held that “counsel’s silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved and unreviewable” by this Court {id.).
More recently, the Court decided People v Ramirez (15 NY3d 824 [2010]). In a brief memorandum decision, we wrote that “although the record is silent as to whether Supreme Court showed the jury note to counsel as required in [O’Rama], defense counsel had notice of the contents of the note and the court’s response, and failed to object at that time, when the error could have been cured” {id. at 825-826). Citing Starling, we therefore held that defendant’s claim was “unpreserved for review” {id. at 826, also citing People v Kadarko, 14 NY3d 426, 429-430 [2010]).
We reiterated this holding in People v Williams (21 NY3d 932 [2013]). In that case, as in this one, the jury sent a note requesting “clarification of a legal term, and after asking the jury to return to the courtroom, the court read the note out loud before responding directly to the jury” {id. at 934). On appeal, we rejected the defendant’s claim “that a mode of proceedings error occurred, when the trial court did not comply precisely with the requirements of [O’Rama]” {id. at 934-935). Rather, citing Ramirez and Starling, we held that “[w]here, as here, defense counsel had notice of a jury note and failed to object . . . when the error could have been cured, lack of preservation bars the claim” {id. at 935 [internal quotation marks omitted], also citing People v Ippolito, 20 NY3d 615 [2013]).
A few months later, we decided People v Alcide (21 NY3d 687 [2013]). In that case, the jury requested readbacks of the testimony of the first officer to arrive at the crime scene and a bystander who witnessed the shooting {see id. at 690).
*160 “In the presence of defendant, counsel and the jury, the judge stated that he had received ‘notes requesting the reading of the testimony of the first officer at the crime scene. That will be Court Exhibit 3. And the reading of [the bystander’s] testimony, which will be Court Exhibit 4’ ” (id. at 691).
The Judge then explained that during the readbacks, he would read the direct examination questions and the court reporter would read the witness’s responses, and he would then reverse that procedure for the cross-examination testimony (see id.). “Neither party objected to this procedure for handling the read-backs” (id.).
On appeal, we rejected the defendant’s claim that a mode of proceedings error had occurred because the court failed to provide counsel with meaningful notice (see id. at 691-694). We held that Starling controlled, inasmuch as the two jury notes “were disclosed in their entirety in open court before the trial judge responded to them” (id. at 694). We further noted that “the judge explained exactly how he was going to conduct the readbacks” (id.). Citing Ramirez, we held that “[i]f defense counsel considered the judge’s intended approach prejudicial, he certainly had an opportunity to ask him to alter course, and it behooved him to do so” (id.).
These four cases are controlling here. In the present case, the trial court similarly departed from the O’Rama procedure by failing to have a discussion with counsel about the notes before recalling the jury into the courtroom, thereby depriving counsel of an opportunity to hear the precise contents of the notes and to suggest responses outside the presence of the jury. Nevertheless, as was the case in Starling, Ramirez, Williams, and Alcide, the trial court here read the precise contents of the notes into the record in open court in the presence of counsel, defendant, and the jury before providing its response. Defense counsel here similarly failed to object, either to the trial court’s procedure or to the court’s responses to the jury.
By reading the notes verbatim into the record in the presence of counsel and the jury, the trial court complied with its core responsibility to give counsel meaningful notice of the jury’s notes (see Alcide, 21 NY3d at 694; Williams, 21 NY3d at 934-935; Ramirez, 15 NY3d at 825-826; Starling, 85 NY2d at 516). Thus, no mode of proceedings error occurred, and counsel was required to object in order to preserve a claim of error for appellate review. “Where, as here, defense counsel had notice *161 of a jury note and ‘failed to object . . . when the error could have been cured,’ lack of preservation bars the claim” (Williams, 21 NY3d at 935, quoting Ramirez, 15 NY3d at 826).*
To the extent defendant contends that these four cases are distinguishable because the jury notes at issue there merely required a ministerial response, we disagree. The O’Rama procedure is implicated whenever the court receives “a substantive written jury communication” (O’Rama, 78 NY2d at 277 [emphasis added]). Conversely, the O’Rama procedure is not implicated when the jury’s request is ministerial in nature and therefore requires only a ministerial response (see People v Mays, 20 NY3d 969, 971 [2012]; People v Ochoa, 14 NY3d 180, 188 [2010]). Nevertheless, we did not characterize the jury notes at issue in Starling, Ramirez, Williams, or Alcide as ministerial, and therefore our analysis did not turn on any distinction between substantive and ministerial jury requests. Indeed, in Williams, the jury requested “clarification of a legal term” (Williams, 21 NY3d at 934), a request that cannot be characterized as a ministerial inquiry for which the trial court had no obligation to comply with the O’Rama procedure.
Rather, the holding to be distilled from these four cases is that not every departure from the O’Rama procedure, even in the context of a substantive jury inquiry, is a mode of proceedings error. Where, as here, counsel has meaningful notice of a substantive jury note because the court has read the precise content of the note into the record in the presence of counsel, defendant, and the jury, the court’s failure to discuss the note *162 with counsel before recalling the jury is not a mode of proceedings error. Counsel is required to object to the court’s procedure to preserve any such error for appellate review. We note that our understanding of this line of cases as set forth herein is consistent with Walston, where we stated: “We have acknowledged that some departures from O’Rama procedures are subject to our rules of preservation, such as where the court reads the entire content of the note verbatim in open court prior to responding to the jury” (Walston, 23 NY3d at 989 [emphasis added and internal quotation marks omitted]).
iv:
Our jurisprudence seeks to ensure that all parties are on notice as to what the jury is asking. Without meaningful notice of the contents of a jury note, counsel cannot protect the interests of each party before the court. What to do with this knowledge is a decision for counsel to make.
In this and similar scenarios, counsel has knowledge of three key facts: (1) the precise content of the jury’s note, which was read verbatim into the record in the presence of counsel and the jury; (2) that counsel has not had an opportunity to provide the court with input on its response to the jury’s inquiry; and (3) the actual content of the court’s response to the jury, which counsel is hearing in open court as the court provides its response to the jury. Counsel therefore has all the knowledge required to make an objection, either to the court’s deviation from the O’Rama procedure or to the court’s response to the jury, or both.
If we held this particular departure from O’Rama to be a mode of proceedings error, however, it would be unwise for counsel to object and seek correction of the error, inasmuch as in the absence of a correction of the error on the record, the defendant would automatically receive an appellate reversal and a new trial. Recognizing a mode of proceedings error in this situation would have precisely the opposite effect from what this Court intended in O’Rama: “to maximize participation by counsel” (O’Rama, 78 NY2d at 278).
We disagree with defendant that requiring counsel to object to this particular deviation from the O’Rama procedure imposes an unreasonable burden on counsel due to the pressures of the situation and the risk that counsel will draw the ire of the court or the jury. While we do not discount the difficulty of raising a timely objection while under the pressures *163 that a jury trial entails, the preservation rule requires no less (see Alcide, 21 NY3d at 696).
“[T]hough it hardly needs restating, we underscore the desirability of adherence to the procedures outlined in O’Rama” (Kisoon, 8 NY3d at 135). The O’Rama procedure was designed to “maximize participation by counsel at a time when counsel’s input is most meaningful, i.e., before the court gives its formal response” (O’Rama, 78 NY2d at 278). Indeed, if counsel here had objected to the court’s deviation from the O’Rama procedure or had sought an opportunity to provide input outside the presence of the jury, and the court had refused, the court’s refusal would be error (see People v Cook, 85 NY2d 928, 930-931 [1995]). We merely reiterate, consistent with our precedent, that this particular deviation from the O’Rama procedure is not part of the narrow class of mode of proceedings errors for which preservation is not required.
In light of our holding that no mode of proceedings error has occurred on the face of this record, we do not address the People’s alternative contention that the Appellate Division erred in refusing to consider the resettled record.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for consideration of the facts and issues raised but not determined on the appeal to that Court.

 The rule advocated by the dissent is that where the trial court’s impending response to a substantive jury note can be characterized as predictable, an objection is required to preserve any error for appellate review, inasmuch as counsel’s participation in the formulation of a predictable response is superfluous. Where, however, the court’s impending response cannot be characterized as predictable or obvious, the dissent would hold that this particular departure from the O’Rama procedure is a mode of proceedings error and no objection is required. This appears to be unworkable.
The dissent asserts that these four cases are distinguishable because, in each case, “counsel knew what the court’s response would be and it was objectively evident that, although the inquiries were substantive, the responsive options were so limited as to render counsel’s participation in addressing them minimally useful” (dissenting op at 167). While that characterization may be accurate in Starling and Alcide, we respectfully disagree that the predictability of the court’s response is the common thread in all four cases. Rather, as we read these four cases, the common thread is that “the court read[ ] the ‘entire content’ of the note verbatim in open court prior to responding to the jury,” and thus the departure from the O’Rama procedure was “subject to our rules of preservation” (Walston, 23 NY3d at 989).