■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO RAMIREZ, Appellant. [19 NYS3d 728]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered November 16, 2012, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of stolen property in the fifth degree and petit larceny, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, unanimously affirmed.

The trial court's handling of the note sent out by the jury during deliberations did not constitute a mode of proceedings error (see *People v Nealon*, 26 NY3d 152 [2015]; *People v O'Rama*, 78 NY2d 270, 277 [1991]). The note contained two questions and two requests for exhibits. While the court initially read only the first substantive question into the record in the presence of counsel before the jury was brought into the courtroom, once the jury was brought in, the court read the remainder of the note aloud, essentially* verbatim, stopping at the end of each of the four parts to provide its response. Although the court did not inform counsel in advance about the entirety of the note or give the parties any opportunity for input into the court's proposed responses, by reading the full contents of the note in the presence of the parties and the jury, the court satisfied its core responsibility (*id.*).

To the extent the failure to follow the full procedure set forth in *People v O'Rama* (78 NY2d at 277-278) nevertheless constituted error, such error requires preservation for appellate review (see *People v Williams*, 21 NY3d 932, 934-935 [2013]). The claim here is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant was not prejudiced by the lack of full compliance with the *O'Rama* procedures.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Concur—Friedman, J.P., Sweeny, Saxe and Feinman, JJ.

---

* The court's omission of the name of the witness in its reading of the request for "copy of ATT bill for Abraham (witness)" is immaterial, since the only possible response was to provide the bill, which the court did. There could have been no confusion, nor any objection or suggestion relating to the court's response.