■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM HAMILTON, Appellant. [22 NYS3d 835]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered November 19, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's overall course of conduct supports an inference that he was a participant in the drug transaction, and did not merely direct the undercover buyer to the drug dealer he was seeking. The evidence demonstrated that defendant acted, at least, as a lookout (*see e.g. People v Rodriguez*, 52 AD3d 249 [1st Dept 2008], *lv denied* 11 NY3d 741 [2008]), as well as performing a receptionist-like function.

The court properly denied defendant's request for an agency instruction because there was no reasonable view of the evidence that defendant took part in the transaction, but acted only on behalf of the buyer. Absent evidence "indicative of a relationship with the buyer," an agency charge is not warranted by alleged "ambiguities about the defendant's connection to the seller" (*People v Herring*, 83 NY2d 780, 783 [1994]; *see also People v Williams*, 88 AD3d 463, 464 [1st Dept 2011], *affd* 21 NY3d 932 [2013]; *People v Lewis*, 51 AD3d 475 [1st Dept 2008], *lv denied* 11 NY3d 738 [2008]). Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ.