The People of the State of New York, Respondent,
against
Norman Gillard, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Abena Darkeh, J.) rendered May 30, 2015, convicting him, upon his plea of guilty, of criminal sale of marijuana in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Abena Darkeh, J.), rendered May 30, 2015, affirmed. 
In view of the defendant's knowing waiver of his right to be prosecuted by an information, the facial sufficiency of the accusatory instrument must be measured by the standard required for misdemeanor complaints (see People v Dumay, 23 NY3d 518, 524 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal sale of marijuana in the fourth degree (see Penal Law § 221.40) under the accomplice liability theory (see Penal Law § 20.00). In this connection, the factual portion of the accusatory instrument alleged, inter alia, that at a specified date and time, at Washington Place and Washington Square West, an undercover police officer "approached the defendant and asked if he had marijuana and the defendant told the officer to follow him to a location where an unapprehended other was standing." The "unapprehended individual [then] g[a]ve him four clear bags of marijuana in exchange for money." These allegations were sufficient for pleading purposes to establish that defendant "purposefully affected or furthered the sale" of marijuana (People v Bello, 92 NY2d 523, 526 [1998]) by acting as a "steerer" (see People v Herring, 83 NY2d 780, 783 [1994]; People v Williams, 88 AD3d 463 [2011], aff'd 21 NY3d 932 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: March 16, 2018