People v Lopes (2018 NY Slip Op 03310)





People v Lopes


2018 NY Slip Op 03310


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


5993A 3582/04 848/06 5993

[*1] The People of the State of New York, Respondent,
v
Sean Lopes, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered July 21, 2005, convicting defendant, after a jury trial, of kidnapping in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 15 years, and judgment, same court (Ann M. Donnelly, J.), rendered August 19, 2015, as amended September 17, 2015, convicting him, upon his plea of guilty, of bail jumping in the first degree, and sentencing him to a consecutive term of 1 to 3 years, unanimously affirmed.
Initially, we decline to revisit this Court's prior order, which denied the People's motion to dismiss the appeal from the 2005 judgment.
We reject defendant's claim that his kidnapping conviction was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The fact that the jury acquitted defendant of some other counts does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]). The victim's account, which was corroborated by bystanders, police witnesses, and physical evidence, abundantly established that defendant intended to prevent the victim's liberation by using or threatening to use deadly physical force (see People v Dodt, 61 NY2d 408, 414-415 [1984]).
Defendant's contention that the court's response to a jury note seeking readback of the victim's testimony failed to adhere to CPL 310.30 (see generally People v O'Rama, 78 NY2d 270 [1991]) is unpreserved (see People v Williams, 21 NY3d 932, 935 [2013]), and we decline to review it in the interest of justice. Contrary to defendant's argument, there was no mode of proceedings error. The record establishes that counsel had "meaningful notice" of the specific contents of the jury note (People v Mack, 27 NY3d 534, 538 [2016]). After the court was made aware of the jury note, defense counsel stated on the record that he had seen the note and that "it [was] a duplicate." The court then confirmed on the record with both the prosecutor and defense counsel that the note had been responded to by an earlier readback, and both replied, "Yes." Although it would have been better if the court followed the O'Rama procedures, defense counsel saw the note and "failed to object. . .when the [claimed] error could have been cured" (People v Nealon, 26 NY3d 152, 159 [2015] [internal quotation marks omitted]). Thus, no mode of proceedings error occurred and preservation was required.
Defendant did not preserve his contention that the kidnapping count should be dismissed pursuant to the merger doctrine, or his challenges to the People's summation, and we decline to review any of these claims in the interest of justice. As an alternative holding, we find that the protracted and brutal abduction did not merge with any other crimes (see People v Leiva, 59 AD3d 161, 161 [1st Dept 2009], lv denied 12 NY3d 818 [2009]), and that any improprieties in the prosecutor's summation were not so egregious or pervasive as to deprive defendant of a fair trial (see People v D'Alessandro, 184 AD2d 114 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We have considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found to be unpreserved (see People v Caban, 5 NY3d 143, 152 [2005] Strickland v Washington, 466 US 668 [1984]). Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance.
Defendant's excessive sentence claim is unreviewable because the sentencing minutes cannot be located. Insofar as the issue is reviewable, we perceive no basis for reducing the sentence. Defendant does not raise any issues concerning the 2015 judgment on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK