People v Lopez (2018 NY Slip Op 03905)





People v Lopez


2018 NY Slip Op 03905


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6728 5015/13

[*1]The People of the State of New York, Respondent,
v
Manuela Lopez, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (David Crow of counsel), and Goodwin Procter LLP, New York (Danielle Bart of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina M. Bierer of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered February 24, 2016, as amended, March 24, 2016, convicting defendant, after a jury trial, of criminally negligent homicide, and sentencing her to a term of 1&frac13; to 3 years, unanimously affirmed.
The suppression court properly concluded that the People established the voluntariness of defendant's written and videotaped statements beyond a reasonable doubt. The circumstances of the interrogation, when viewed in totality, were not coercive (People v Anderson, 42 NY2d 35, 38-39 [1977]). The fact that defendant made an inculpatory statement "upon being confronted with the untruthfulness" (People v White, 10 NY3d 286, 292 [2008]) of her prior exculpatory statement did not render the inculpatory statement involuntary. The detectives never suggested that defendant's "silence" would be held against her; there was no "silence," because defendant spoke freely with the detectives at all times and never invoked her right to cut off questioning or become silent. Instead, the police essentially told her that persisting in a false denial might be damaging, and this warning was not misleading. There was also nothing coercive about accurately informing defendant that the victim (who ultimately died) was in bad condition and might not survive.
The court's single-word response to a juror's oral, in-court inquiry about whether certain testimony given through an interpreter had been transcribed in English did not violate the requirements of People v O'Rama (78 NY2d 270 [1991]). During a readback of this testimony, a juror interjected the question, "The Spanish was not put in the transcript, correct?," and the court immediately replied, "Correct." Defendant had notice of the juror's inquiry, and thus there was no mode of proceedings error (see People v Nealon, 26 NY3d 152, 156 [2015]; People v Williams, 21 NY3d 932, 934-935 [2013). Although defendant objected on O'Rama grounds, she only requested the inappropriate remedy of a mistrial and declined the court's offer to deliver an additional instruction. Furthermore, the juror's unambiguous question about whether the witness's words in Spanish had been transcribed was plainly ministerial and nonsubstantive (see People v Mays, 20 NY3d 969, 971 [2012]; People v Ochoa, 14 NY3d 180, 188 [2010]). The court gave the only suitable answer, and there was no need for input from the parties. Moreover, earlier in the trial the court had already told the jury several times that the official record was the English translation and that the Spanish version was not recorded.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK