People v Adderly (2019 NY Slip Op 07082)





People v Adderly


2019 NY Slip Op 07082


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2011-05624
 (Ind. No. 3468/09)

[*1]The People of the State of New York, respondent,
v
Aaron Adderly, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce
of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered May 31, 2011, convicting him of murder in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to murder in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nevertheless, the defendant is entitled to a new trial. For the reasons set forth in our decision and order on the appeal of his codefendant Dario Gedeon (see People v Gedeon, 162 AD3d 1065), the Supreme Court failed to comply with CPL 310.30, in accordance with the procedures set forth in People v O'Rama (78 NY2d 270) for the handling of jury notes. Consequently, we reverse the judgment and order a new trial (see People v Nealon, 26 NY3d 152, 156; People v Tabb, 13 NY3d 852, 853).
Since there must be a new trial, we note that, although the issue is unpreserved for appellate review, the defendant correctly contends that the Supreme Court should have instructed the jury on the statutory corroboration requirement with regard to an accomplice's testimony (see CPL 60.22; People v Sage, 23 NY3d 16, 23; People v Gedeon, 162 AD3d at 1067).
In light of our determination, the defendant's remaining contentions have been rendered academic.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court