People v Rodriguez (2020 NY Slip Op 00307)





People v Rodriguez


2020 NY Slip Op 00307


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-04472
 (Ind. No. 1031/17)

[*1]The People of the State of New York, respondent,
v
Rafaelito Rodriguez, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered March 14, 2018, convicting him of burglary in the first degree (three counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenges to the legal sufficiency of the evidence supporting his convictions are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court committed a mode of proceedings error in its handling of a jury note (see CPL 310.30; People v O'Rama, 78 NY2d 270) requesting, inter alia, to review a portion of a surveillance video in slow motion is without merit (see People v Alcide, 21 NY3d 687, 694). Contrary to the defendant's contention, defense counsel received advance notice of the contents of the jury note, as a copy of it was provided to him before the jury entered the courtroom and the court responded to the note. Since counsel failed to discuss a possible response to the note or to object to the court's response at a time when any error could have been cured, the defendant's claim is unpreserved for appellate review (see People v Williams, 21 NY3d 932, 935). In any event, the record demonstrates that the court fulfilled its core responsibilities in responding to the jury's note (see People v Heron, 130 AD3d 754, 756; People v Cherry, 127 AD3d 879, 880-881).
Moreover, contrary to the defendant's contention, the testimony of one of the complaining eyewitnesses did not constitute improper bolstering, but was properly admitted to establish the commission of the crimes as well as the events that led to the defendant's arrest and the recovery of the firearm (see People v Rosario, 100 AD3d 660, 661).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court