People v Ellis (2020 NY Slip Op 05690)





People v Ellis


2020 NY Slip Op 05690


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Ind No. 3629/16 Appeal No. 12018 Case No. 2018-2601 

[*1]The People of the State of New York, Respondent,
v
Ceni Ellis, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant. 
Cyrus R. Vance, Jr. District Attorney, New York (Karen Schlossberg of counsel), for respondent. 



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J. at jury trial; Patrick J. McGrath, Jr., J. at sentencing), rendered February 9, 2018, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3ed 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of alleged inconsistencies in testimony. The evidence supports the conclusion that defendant forcibly stole property by threatening to use a firearm.
The record does not establish that a court officer gave the deliberating jury a substantive, nonministerial instruction. Although defendant asserts that there was a mode of proceedings error exempt from preservation requirements, such an error must still appear on the face of the record in order to require reversal (People v McLean, 15 NY3d 117, 121 [2010]). The sparse record on this issue is subject to competing inferences, and it fails to establish either the existence or the content of an alleged instruction by a court officer relating to exhibits in evidence that the jury had requested. To the extent the record permits review, it supports an inference that even if the court officer relayed an instruction regarding exhibits, this act was ministerial (see People v Williams, 21 NY3d 932, 935 [2013]). Accordingly, we find no mode of proceedings error and we decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal or further proceedings.
We perceive no reason to reduce the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020