People v Jacaruso (2020 NY Slip Op 07590)





People v Jacaruso


2020 NY Slip Op 07590


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-12928
 (Ind. No. 1937/18)

[*1]The People of the State of New York, respondent,
v
John Jacaruso, appellant.


Brian J. Davis, P.C., Garden City, NY (Mark E. Goidell of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Hannah X.
Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered July 31, 2019, convicting him of assault in the second degree, obstructing governmental administration by means of a self-defense spray device, resisting arrest (two counts), and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted after a jury trial of assault in the second degree, obstructing governmental administration by means of a self-defense spray device, resisting arrest (two counts), and obstructing governmental administration in the second degree, arising out of interactions he had with two off-duty detectives and a uniformed police officer after his motor vehicle was involved in an accident on the Grand Central Parkway in Queens. The defendant's contentions that the evidence was legally insufficient to support his convictions are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt as to each conviction beyond a reasonable doubt (see Penal Law §§ 120.05[3], 195.05, 195.08, 205.30; People v Bueno, 18 NY3d 160,168-169; People v Torres, 130 AD3d 1082, 1085; see also People v Lindsey, 52 AD3d 527, 529). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to each conviction was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence that supported a jury charge on justification (see People v Watts, 57 NY2d 299, 302).
Contrary to the defendant's contention, he was not deprived of a fair trial by the [*2]Supreme Court's response to the defendant's statement regarding an electronic device (see People v Lindsay, 123 AD3d 1144, 1145).
Further, the defendant's claim of ineffective assistance of counsel is without merit (see People v Baldi, 54 NY2d 137, 146-147; People v Burns, 183 AD3d 835, 836).
Likewise, the defendant's contention that the Supreme Court committed a mode of proceedings error in its handling of a jury note marked as court exhibit 5 (see CPL 310.30; People v O'Rama, 78 NY2d 270) is without merit (see People v Williams, 21 NY3d 932, 934-935; People v Rodriguez, 179 AD3d 844, 845). The record demonstrates that defense counsel saw the note and the court discussed its proposed response on the record with counsel before the jury entered the courtroom and the court responded to the note (see People v Rodriguez, 179 AD3d at 845; People v Heron, 130 AD3d 754, 756). The defendant's other challenges to the responses to the jury notes marked as court exhibits 4 and 5 are unpreserved for appellate review (see CPL 470.05[2]; People v Williams, 21 NY3d at 935; People v Rodriguez, 179 AD3d at 845). In any event, the record demonstrates that the court properly fulfilled its core responsibilities in responding to the jury's notes (see People v Rodriguez, 179 AD3d at 845; People v Heron, 130 AD3d at 756).
The defendant's remaining contentions also are unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach them in the exercise of our interest of justice jurisdiction.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court