People v McCoy (2023 NY Slip Op 03930)

People v McCoy

2023 NY Slip Op 03930

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2018-14683
 (Ind. No. 711/17)

[*1]The People of the State of New York, respondent,
v
Eric J. McCoy, appellant.

Justin C. Bonus, Forest Hills, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Danielle S. Fenn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered October 26, 2018, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
For his role in the taking of an individual's property at gunpoint, the defendant was convicted of robbery and related crimes.
The defendant's contention that the Supreme Court committed a mode of proceedings error in its handling of a jury request during deliberations (see CPL 310.30; People v O'Rama, 78 NY2d 270), for, inter alia, a repetition of the elements of one of the crimes charged is without merit (see People v Alcide, 21 NY3d 687, 694). Contrary to the defendant's contention, defense counsel received advance notice of the contents of the jury's note, as well as of the foreperson's subsequent oral query, before the court provided a response to either. Since counsel failed to object to the court's responses at a time when any error could have been cured, the defendant's claim is unpreserved for appellate review (see People v Williams, 21 NY3d 932, 935; People v Thomas, 115 AD3d 995, 996). In any event, the record demonstrates that the court fulfilled its core responsibilities in responding to the jury's requests (see People v Rodriguez, 179 AD3d 844, 845; People v Heron, 130 AD3d 754, 756).
The defendant also contends that he was deprived of the effective assistance of counsel. However, on this record, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for his attorney's alleged shortcomings (see People v Hymes, 34 NY3d 1178, 1179; People v Rivera, 71 NY2d 705, 709).
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court