■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL FLORES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lane, J.), rendered July 12, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury.

Error was committed when in directing the readback of the testimony of a key prosecution witness the trial court ordered

the deletion of the portion of the testimony where the witness was impeached through use of his Grand Jury testimony.

When the requested testimony was read back with the impeachment portion deleted, the error became prejudicial. Although our dissenting colleague believes that the record is unclear as to whether the deleted portion of the testimony was ever reached during the readback, we have no such difficulty. Page 555 of the record contains the following: "(Whereupon, the requested testimony is read back by the court reporter.)".

The next thing in the record is a request from the foreperson to have some of the testimony reread yet a second time.

Under the circumstances, it is apparent that reversal is necessary and since the conviction was for a lesser included offense the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726). Lazer, J. P., Niehoff and Kooper, JJ., concur.

O'Connor, J., dissents and votes to affirm the judgment appealed from, with the following memorandum: During deliberations, the jury sent a note to the Trial Judge, requesting, insofar as pertinent here, "the testimony of Carlos Diaz [Viera] pertaining specifically to what he heard and saw out the window". In an endeavor to comply with the jurors' request, Criminal Term selected portions of the witness' direct and cross-examination to be read back but interpreted the request not to include the witness' testimony before the Grand Jury, which defense counsel had introduced on cross-examination solely for impeachment purposes. On this appeal, defendant's primary contention is that the trial court erred in omitting this Grand Jury testimony from the readback, thus depriving him of a fair trial.

Prior to the readback of the selected testimony, the trial court instructed the jurors that "when [they] ha[d] heard enough testimony, just [to] indicate it either by raising [their] hand in some demonstrable signal telling the Court [they] heard enough". After the reading began, the foreman of the jury made an additional request for readback of testimony. From the record, it is unclear what testimony the latter request was for, nor can it be determined with certainty whether the request came before or after the disputed point in the cross-examination was reached. Hence, since sufficient facts do not appear on the record to determine whether the court's ruling actually affected which testimony was read to

the jury, the record is inadequate to permit appellate review of defendant's claim (see, People v Jones, 81 AD2d 22, 39-40, 43-44).

In any event, even if the disputed point in the cross-examination was indeed reached, I find no basis for defendant's claim of prejudice on these facts. The jury limited its request to that portion of Viera's testimony "pertaining *specifically* to what he heard and saw" (emphasis supplied). It is undisputed, moreover, that Viera's Grand Jury testimony was admitted at trial solely on the issue of credibility, as the trial court had instructed. The court, therefore, simply interpreted the jury's request to refer only to evidence-in-chief of "specifically * * * what [the witness] heard and saw". In light of the form and subject matter of the jury's request, it cannot be said that the court's exercise of discretion in framing its response was improper (see, CPL 310.30; People v Malloy, 55 NY2d 296, 302, cert denied 459 US 847; People v Jones, 106 AD2d 585). This is particularly so, in my view, since the defense attorney, while objecting to noninclusion of Grand Jury testimony, also insisted that the rereading be limited to "what was requested by the jury * * * and anything beyond that would deprive [his] client of a fair trial"; the court expressed willingness to reread the disputed testimony if "the jury would specifically request portions of that testimony read", and the jurors, who had indeed already heard a readback of some of Viera's testimony, specifically stated that they heard what they had requested after the testimony was read back (see, People v Malloy, supra, at p 303; People v Perez, 54 AD2d 1009, 1010-1011); and finally, the testimony selected by the court clearly referred to Viera's Grand Jury statements. Under these circumstances, I would, in any event, reject defendant's contention.

I have considered defendant's remaining contention raised on appeal and find it to be without merit.