■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KENNETH FAULKNER, Appellant. [600 NYS2d 231] —Judgment, Supreme Court, New York County (Jerome W. Marks, J.), rendered March 28, 1991, convicting defendant, after a jury trial of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a predicate felon, to a term of two to four years in prison, unanimously reversed, on the law, the facts and as a matter of discretion, in the interest of justice, and the matter is remanded for a new trial.

Defendant was arrested by an officer engaged in a routine search of a five-story "walk-up" apartment building, owned by the City of New York located at 106 West 134th Street in Manhattan. Most of the twenty-five apartments in the building, which was a known drug location, were abandoned. The evidence at trial established that the officer entered one of the apartments on the third floor of the building and observed the defendant, who had his back to the officer, looking out of the window. The defendant turned, saw the uniformed officer and immediately threw a brown paper bag into a nearby closet. The officer looked into the closet and saw four or five blue-topped vials on the floor near the bag. He then arrested the defendant. The officer recovered twenty-five vials from the floor of the closet and the bag. Several more vials were recovered from the defendant's pants pocket. The vials recovered were all found to contain varying amounts of cocaine.

This conviction must be reversed based upon the trial court's failure to meaningfully respond to a request from the jury made during its deliberations. The jury specifically requested a reading of the arresting officer's testimony, from both the trial and the suppression hearing, concerning where the officer was standing when he saw the defendant toss the bag containing the vials of cocaine into the closet. The trial court's refusal to allow the reading of the cross-examination of the officer, as well as the suppression hearing testimony asked for by the jury by which the defense attorney attempted to impeach certain aspects of the officer's direct testimony, was error.

While the trial court possesses some discretion in responding to inquiries from the jury during deliberation, it is well settled that the court must respond meaningfully (*People v Almodovar*, 62 NY2d 126, 131). A request for a reading of testimony generally is presumed to include cross-examination which impeaches the testimony to be read back (*People v Jenkins*, 168 AD2d 315, 316, *lv denied* 77 NY2d 878). The failure to include the cross-examination portion of the testi-

mony was reversible error in this case *(see, People v McCain,* 177 AD2d 513, 515; *People v Flores,* 115 AD2d 754).

We have reviewed defendant's other claim regarding the prosecutor's summation and find it to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.