■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. [746 NYS2d 596]

Defendant's contention that the jury's verdict should be overturned as against the weight of the evidence because the testimony of the state's chief witness, the undercover detective, was "farfetched and inconsistent" is unsustainable. The evidence established that the observing officer had ample opportunity to view the transaction in question, and there is no basis for this Court to disturb the jury's credibility determinations regarding that officer's testimony.

Similarly, there is no basis to overturn Supreme Court's grant of the prosecution's *Batson v Kentucky* (476 US 79) motion to disallow defendant's use of his peremptory challenges to exclude the only two Asian jurors on the panel. Supreme Court afforded both the prosecution and the defense a sufficient op-

portunity to make the necessary record and properly exercised its authority to disbelieve defendant's proffered race-neutral reason for the exclusion of the two Asian jurors (*People v Payne*, 88 NY2d 172, 184). The court's determination that the race-neutral reasons given by the defense were pretextual—a finding that is entitled to great deference (*People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352)—is supported by the record, which establishes that similarly situated non-Asian jurors were not similarly challenged by defendant.

Finally, Supreme Court's response to the jury's request for a readback of the undercover detective's testimony "dealing with the transaction in the street" was both meaningful and an appropriate exercise of its discretion. (*See, People v Lourido*, 70 NY2d 428, 435; *People v Faulkner*, 195 AD2d 384.) A request for a reading of testimony generally is presumed to include cross-examination which impeaches the testimony to be read back (*People v Faulkner*, 195 AD2d 384, 385), and any such testimony should be read to the jury unless the jury indicates otherwise. Here, the undercover detective's consistent denial that he made a prior inconsistent statement to another officer does not constitute impeachment testimony and its omission from the readback does not require reversal. The other omissions from the readback, which defendant asserts as error, did not cause or constitute "serious[ ] prejudice[ ]" (*People v Lourido*, 70 NY2d 428, 435) warranting reversal of defendant's conviction. Concur—Williams, P.J., Andrias, Buckley and Rosenberger, JJ.