■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSARIO SERNA, Appellant. [892 NYS2d 770]

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). According such deference here, we find that the descrepancies and inconsistencies in the police officers' testimony were not of such magnitude as to render their testimony incredible. Thus, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILY SINGER, Appellant. [892 NYS2d 779]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.