This memorandum is uncorrected and subject to revision before publication in the New York Reports.
----------------------------------------------------------------

No. 126  SSM 20
The People &c.,
           Appellant,
        v.
Shane Morris,
           Respondent.




        Submitted by Sharon Y. Brodt, for appellant.
        Submitted by David P. Greenberg, for respondent.




MEMORANDUM:

        The order of the Appellate Division should be reversed and the case remitted to that court for consideration of the facts and issues raised but not determined on the appeal to that court.

        During deliberations, the jury sent a note requesting a

- 1 -

readback of the testimony of a prosecution witness.  The trial court did not discuss the content of the note or the court's intended response with counsel on the record before recalling the jury into the courtroom, but the court read the precise content of the note into the record in the presence of counsel, defendant, and the jury.  For reasons unknown, although the jury did not limit or narrow its readback request, it is undisputed that only the witness's direct examination testimony was read to the jury and that the witness's cross-examination testimony was not.  Counsel did not object, either to the trial court's procedure or to its response to the note.

On appeal, the Appellate Division held that two mode of proceedings errors had occurred and that each error therefore required reversal despite counsel's failure to object (120 AD3d 835 [2d Dept 2014]).  First, the Appellate Division held that the trial court's failure to discuss the note and the court's intended response with counsel before recalling the jury into the courtroom constituted a mode of proceedings error (id. at 836).  That holding was incorrect.  The trial court read the precise content of the jury's note into the record in the presence of counsel, defendant, and the jury.  Contrary to defendant's contention, the court did not mislead counsel about the content of the note.  The court therefore complied with its meaningful notice obligations under CPL 310.30, and counsel was required to object in order to preserve for appellate review any challenge to

the trial court's procedure (see People v Nealon, 26 NY3d 152,
160-162 [2015]).

Second, the Appellate Division held that the trial
court committed a separate mode of proceedings error by failing
to fulfill its responsibility to provide a meaningful response to
the jury's inquiry (120 AD3d at 836-837).  We disagree.  We have
long held that any claim of error in a trial court's supplemental
instructions to a deliberating jury must be preserved for
appellate review with a timely objection (see e.g. People v
Keschner, 25 NY3d 704, 721-722 [2015]; People v Duncan, 46 NY2d
74, 80 [1978], rearg denied 46 NY2d 940 [1979], cert denied 442
US 910 [1979]).  That same reasoning applies to the circumstances
of this case.

The trial court's alleged failure to provide a
meaningful response to the jury's note does not constitute a mode
of proceedings error for which no preservation is required (see
People v Mack, -- NY3d -- [2016] [decided herewith]).  Counsel
had meaningful notice of the precise content of the jury's note
and was in the courtroom as the readback was conducted.  Counsel
was therefore aware that the court had failed to read the
witness's cross-examination testimony.  Counsel's knowledge of
the precise content of the note and of the court's actual
response, or lack thereof, removes the claimed error from the
very narrow class of mode of proceedings errors for which
preservation is not required (see id.).  "[C]ounsel's silence at

a time when any error by the court could have been obviated by timely objection renders the claim unpreserved and unreviewable here" (People v Starling, 85 NY2d 509, 516 [1995]).

Inasmuch as defendant failed to preserve his claims regarding the alleged errors, we have no jurisdiction to consider them (see NY Const, art VI, § 3 [a]; People v Kelly, 5 NY3d 116, 119-120 [2005]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

On review of submissions pursuant to section 500.11 of the Rules, order reversed and case remitted to the Appellate Division, Second Department, for consideration of the facts and issues raised but not determined on the appeal to that court, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided June 7, 2016