■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA WALKER, Appellant. [36 NYS3d 182]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered January 30, 2014, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, robbery in the second degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) denied him due process and a fair trial is without merit. In making its ruling, the court engaged in the requisite balancing of probative value against prejudicial effect, and reached an appropriate compromise ruling that precluded inquiry into the underlying facts of the defendant's prior convictions (*see People v Davis*, 132 AD3d 891 [2015]). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed the probative worth of that evidence that exclusion was warranted (*see People v Townsend*, 70 AD3d 982 [2010]; *People v Brennin*, 184 AD2d 715 [1992]).

The defendant's contention that the Supreme Court improperly discharged a sworn juror and replaced her with an alternate is unpreserved for appellate review (*see People v King*, 110 AD3d 1005 [2013]). The defendant consented to the juror's substitution. Although after he indicated his consent the defendant joined in the request by codefendant's counsel that further inquiry be made, the defendant never indicated that he

was withdrawing his consent or objected to the substitution of the juror (see People v Gueye, 122 AD3d 768 [2014]). In any event, contrary to the defendant's contention, the court conducted a reasonably thorough inquiry into the juror's unavailability and providently exercised its discretion in replacing the juror after determining that the juror would not appear within the two-hour period set forth in CPL 270.35 (2) (see People v Jeanty, 94 NY2d 507 [2000]).

The defendant's contention that he was denied the effective assistance of counsel is without merit. "[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight, and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met" (People v Butler, 143 AD2d 140, 140-141 [1988]; see People v Satterfield, 66 NY2d 796, 798-799 [1985]; People v Baldi, 54 NY2d 137, 147 [1981]). "[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings. . . . As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d 708, 712-713 [1998] [internal quotation marks and citations omitted]). Here, defense counsel presented a reasonable strategy of attacking the credibility of the complainants, delivered coherent opening and closing statements consistent with the defense strategy, and effectively cross-examined the prosecution's witnesses in accordance with that strategy. Under the circumstances, the defendant was afforded meaningful representation (see People v Alexander, 56 AD3d 793 [2008]).

The defendant's remaining contentions that he was denied due process and a fair trial due to prosecutorial misconduct and the admission by the Supreme Court of testimony regarding a Halloween mask and the collection and processing of DNA evidence are unpreserved for appellate review (see CPL 470.05 [2]). In any event, the claims of prosecutorial misconduct and the improper admission of testimony regarding the collection and processing of DNA evidence are without merit. While testimony regarding a Halloween mask observed in the vehicle in which the defendant had been riding should not have been admitted at trial, the error was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no

significant probability that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Eng, P.J., Roman, LaSalle and Barros, JJ., concur.