■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT R. GOUGH, Appellant. [37 NYS3d 280]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered January 4, 2013, convicting him of criminal sexual act in the first degree, burglary in the first degree (two counts), attempted aggravated sexual abuse in the first degree, assault in the second degree, sexual abuse in the first degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the People (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]).

However, the defendant correctly contends that the Supreme Court's handling of a jury note failed to comply with CPL 310.30, in accordance with the procedure set forth in *People v O'Rama* (78 NY2d 270 [1991]). In *O'Rama*, the Court of Appeals set forth the procedure for handling communications from the jury in accordance with CPL 310.30. The Court of Appeals held that "whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel" (*People v O'Rama*, 78 NY2d at 277-278). "After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses. The court should then ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to any potentially harmful information. Once the jury is returned to the courtroom, the communication should be read in open court" (*People v Lockley*, 84 AD3d 836, 837 [2011]; see *People v O'Rama*, 78 NY2d at 278; *People v Stocks*, 101 AD3d 1049 [2012]). "Although some deviations from this procedure may be warranted depending on the circumstances, where the court fails to fulfill its 'core responsibility' under CPL 310.30 by depriving the defendant of meaningful

notice of the communication or a meaningful opportunity to participate in the formulation of the court's response, the error affects the mode of the proceedings" and need not be preserved (*People v Lockley*, 84 AD3d at 837, quoting *People v Kisoon*, 8 NY3d 129, 134-135 [2007]; *see People v O'Rama*, 78 NY2d at 279-280; *People v Stocks*, 101 AD3d at 1050). "The purpose of CPL 310.30 and the *O'Rama* decision is to maximize the participation of counsel at a time when counsel's input is most meaningful, that is, before the court gives its formal response to the jury" (*People v Lockley*, 84 AD3d at 838; *see People v Cook*, 85 NY2d 928 [1995]; *People v O'Rama*, 78 NY2d at 278).

Here, the jury note requested, among other things, that the Supreme Court "define clearly 'acting in concert.' " The court did not show the note to the attorneys or read it into the record before formulating a response. In apprising counsel of the contents of that note, the court omitted the words "define clearly" and stated only, "They want acting in concert. I will read that back." After the jury returned to the courtroom, the court again mischaracterized the note, stating: "[I]t says define acting in concert. Okay, I am going to read my acting in concert and I will read it slow for you." The court then reread its instructions on acting in concert.

The jury's request to "define clearly" was not a request for a "mere ministerial readback" of the Supreme Court's charge (*People v Stocks*, 101 AD3d at 1051; *see People v Thomas*, 115 AD3d 995, 996 [2014]). Meaningful notice of a jury's note "means notice of the actual specific content of the jurors' request. Manifestly, counsel cannot participate effectively or adequately protect the defendant's rights if this specific information is not given" (*People v O'Rama*, 78 NY2d at 277; *see People v Mack*, 27 NY3d 534 [2016]; *People v Nealon*, 26 NY3d 152, 156 [2015]). The court's failure to provide counsel with meaningful notice of a substantive jury note was a mode of proceedings error (*see People v Walston*, 23 NY3d 986 [2014]), which requires reversal of the judgment and a new trial (*see People v Patterson*, 39 NY2d 288, 295-296 [1976], *affd* 432 US 197 [1977]).

The defendant's contention in his pro se supplemental brief relating to an alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) is unpreserved for appellate review and, in any event, without merit. The defendant's remaining contentions, including those raised in his pro se supplemental brief, have been rendered academic in light of our determination. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.