■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE MORRIS, Appellant. [46 NYS3d 667]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered July 14, 2010, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. By decision and order dated August 27, 2014, this Court reversed the judgment, on the law, and ordered a new trial (*see People v Morris,* 120 AD3d 835 [2014]). By opinion and order dated June 7, 2016, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (*see People v Morris,* 27 NY3d 1096 [2016]).

Ordered that, upon remittitur from the Court of Appeals, the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was convicted of assault in the first degree and criminal possession of a weapon in the second degree (two counts) arising from the shooting of the complainant during an argument over a broken door. During deliberations, the jury sent the court a note stating: "We the jury request a readback of Gary Richards' testimony." Richards was a witness who was with the complainant at the time that he was shot. Without first reading the note to counsel outside of the presence of the jury, the trial court, with all parties and the jury present, stated on the record that the jury had requested a "read-back of Gary Richards' testimony." It then stated "[w]e are prepared to give it to you right now. This is direct examination of Gary Richards by [the prosecutor]." At that point, the direct examination testimony of Richards was read back to the jury and then the trial court instructed the jury to return to their deliberations. The cross-examination of Richards was not read back to the jury.

In our prior decision and order, we reversed the judgment

and ordered a new trial, concluding that the trial court had failed to provide meaningful notice and a meaningful response in accordance with the procedure set forth in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) in handling the jury note and that these *O'Rama* errors were mode of proceedings errors that did not need to be preserved (*see People v Morris*, 120 AD3d 835 [2014]). The Court of Appeals reversed, holding that the *O'Rama* errors did not constitute mode of proceedings errors, and remitted this matter to this Court for consideration of the facts and issues raised but not determined (*see People v Morris*, 27 NY3d at 1098-1099).

Although the defendant's contentions regarding the jury note are unpreserved for appellate review, as no objections were raised (*see* CPL 470.05 [2]), we reach them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Under the circumstances of this case, the trial court's failure to meaningfully respond to the jury note requesting a readback of Richards' testimony deprived the defendant of a fair trial (*see* CPL 310.30; *People v O'Rama*, 78 NY2d at 276-277). " '[A] request for a reading of testimony generally is presumed to include cross-examination which impeaches the testimony to be read back, and any such testimony should be read to the jury unless the jury indicates otherwise' " (*People v Clark*, 108 AD3d 797, 799 [2013], quoting *People v Jones*, 297 AD2d 256, 257 [2002]; *see People v Faulkner*, 195 AD2d 384, 385 [1993]). Richards was the only witness to the argument and the shooting, other than the complainant and the defendant. Richards' cross-examination testimony included testimony that was relevant to the defense, directly impeached significant portions of his direct examination testimony, and was detrimental to the prosecution. As a result, the trial court's readback of only Richards' direct examination testimony in response to the jury's request seriously prejudiced the defendant (*see People v Lourido*, 70 NY2d 428, 435 [1987]; *People v Clark*, 108 AD3d at 800; *People v Smith*, 68 AD3d 1021, 1022 [2009]). Dillon, J.P., Leventhal, Hall and Cohen, JJ., concur.