■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LEROY WEBSTER, Appellant. [60 NYS3d 306]—

Appeal by the defendant from a judgment of the Supreme
Court, Kings County (Firetog, J.), rendered September 26,
2013, convicting him of murder in the second degree, criminal
possession of a weapon in the second degree, and attempted
aggravated assault upon a police officer, upon a jury verdict,
and imposing sentence.

Ordered that the judgment is modified, on the law, by vacat-
ing the conviction of attempted aggravated assault upon a po-
lice officer and the sentence imposed thereon; as so modified,
the judgment is affirmed, and a new trial is ordered on count
three of the superseding indictment charging the defendant
with attempted aggravated assault upon a police officer.

The defendant's challenge to the legal sufficiency of the evi-
dence to support his conviction of attempted aggravated as-
sault upon a police officer is unpreserved for appellate review
(*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492
[2008]). In any event, viewing the evidence in the light most
favorable to the prosecution (*see People v Contes*, 60 NY2d 620
[1983]), we find that it was legally sufficient to establish the
defendant's guilt of that crime beyond a reasonable doubt (*see
People v Danielson*, 9 NY3d 342, 349 [2007]). Moreover, in
fulfilling our responsibility to conduct an independent review
of the weight of the evidence (*see* CPL 470.15 [5]; *People v
Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict
of guilt on that count was not against the weight of the evi-
dence (*see People v Romero*, 7 NY3d 633 [2006]).

However, the defendant's conviction of attempted aggravated
assault upon a police officer must be vacated as a result of the
Supreme Court's violation of the procedure outlined in *People v
O'Rama* (78 NY2d 270 [1991]) for the handling of jury notes.
During deliberations, the court received, among others, two
jury notes requesting the testimony of the police officer who
was the subject of the attempted aggravated assault upon a po-
lice officer conviction, and a "definition for attempted ag-
gravated assault upon a police officer," respectively. The court
did not provide defense counsel with notice of the content of ei-
ther note, but rather stated, in the presence of defense counsel,
the prosecutor, and the jury, "We've received your notes. We
are ready for the read back." At the court's direction, the court
reporter read back a portion of the record to the jury, after
which the court took a short recess. After reconvening, and in

the presence of defense counsel, the prosecutor, and the jury, the court stated, "I give you the charge now on Attempted Aggravated Assault on a Police Officer," and proceeded to read back the charge it had given for that crime.

In *People v O'Rama*, the Court of Appeals set forth the procedure for handling communications from the jury in accordance with CPL 310.30. "The Court of Appeals held that 'whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel'" (*People v Gough*, 142 AD3d 673, 674 [2016], quoting *People v O'Rama*, 78 NY2d at 277-278). "'After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses. The court should then ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to any potentially harmful information. Once the jury is returned to the courtroom, the communication should be read in open court'" (*People v Gough*, 142 AD3d at 674, quoting *People v Lockley*, 84 AD3d 836, 837 [2011]; *see People v Silva*, 24 NY3d 294, 299 [2014]). Where a trial court fails to provide counsel "with meaningful notice of the precise content of a substantive juror inquiry, a mode of proceedings error occurs, and reversal is therefore required even in the absence of an objection" (*People v Nealon*, 26 NY3d 152, 157 [2015]; *see People v Morris*, 27 NY3d 1096 [2016]; *People v Alcide*, 21 NY3d 687, 692 [2013]; *People v Tabb*, 13 NY3d 852, 853 [2009]; *People v Kisoon*, 8 NY3d 129, 134 [2007]; *People v O'Rama*, 78 NY2d at 279).

Here, although the defendant failed to object to the manner in which the Supreme Court handled the two notes, under the circumstances of this case, the court violated *O'Rama* and committed a mode of proceedings error, obviating the need for preservation, by failing to provide the defendant with notice of the "precise contents" of the notes prior to giving its responses (*People v Nealon*, 26 NY3d at 157; *cf. People v Morris*, 27 NY3d 1096 [2016]; *People v Alcide*, 21 NY3d 687 [2013]; *People v Ramirez* 15 NY3d 824 [2010]; *People v Starling*, 85 NY2d 509 [1995]). Consequently, reversal of the defendant's conviction of attempted aggravated assault upon a police officer is required, regardless of whether the court fulfilled its responsibility under CPL 310.30 to provide the jury with a meaningful response to its requests.

The sentences imposed on the convictions of murder in the

second degree and criminal possession of a weapon in the second degree were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The defendant's contention regarding the sentence imposed on the conviction of attempted aggravated assault upon a police officer need not be reached in light of our determination.

The defendant's remaining contentions are without merit. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.