People v Wilson (2018 NY Slip Op 00761)





People v Wilson


2018 NY Slip Op 00761


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1498 KA 14-00309

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN WILSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 6, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, after a jury trial, of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that reversal is required because Supreme Court failed to comply with the requirements of CPL 310.30 in accordance with People v O'Rama (78 NY2d 270, 276-278 [1991]) in responding to a certain jury note. Specifically, defendant contends that the court failed to mark the jury note as an exhibit or show the note to him before responding to it. As a preliminary matter, we note that defendant failed to preserve his contention for our review. Where, as here, "counsel has meaningful notice of a substantive jury note because the court has read the precise content of the note into the record in the presence of counsel, defendant, and the jury . . . [c]ounsel is required to object to the court's procedure to preserve any [alleged] error for appellate review" (People v Nealon, 26 NY3d 152, 161-162 [2015]; see People v Mack, 27 NY3d 534, 538-539 [2016]; People v Morris, 27 NY3d 1096, 1098 [2016]). Here, counsel failed to object to the court's procedure in responding to the jury note, and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
In contrast, defendant objected to the court's substantive response to the jury note, thereby preserving for our review his contention that the court should have included in a readback of testimony to the jury the victim's testimony on cross-examination. We nevertheless conclude that defendant's contention is without merit. The jury's note requested the victim's testimony concerning her last sexual encounter with defendant. It is well settled that "[a] request for a reading of testimony generally is presumed to include cross-examination [that] impeaches the testimony to be read back, and any such testimony should be read to the jury unless the jury indicates otherwise" (People v Morris, 147 AD3d 873, 874 [2d Dept 2017] [internal quotation marks omitted]; see People v Berger, 188 AD2d 1073, 1074 [4th Dept 1992], lv denied 81 NY2d 881 [1993]). In this case, however, "there was no cross-examination testimony relevant to the matters requested by the jury" (People v Grant, 127 AD3d 990, 991 [2d Dept 2015], lv denied 26 NY3d 968 [2015]; see generally People v Conroy, 102 AD3d 979, 981 [2d Dept 2013], lv denied 21 NY3d 1014 [2013]; People v Murray, 258 AD2d 936, 936-937 [4th Dept 1999], lv denied 93 NY2d 927 [1999]), and we therefore conclude that the court did not err in its response to the jury note. Even assuming, arguendo, that the court erred in refusing to permit the disputed cross-examination testimony to be read back to the jury, we conclude that reversal is not required inasmuch as "defendant failed to show that any alleged omission of relevant testimony from the readback caused prejudice" to him (People v Aller, 33 AD3d 621, 622 [2d Dept 2006], lv [*2]dismissed 8 NY3d 918 [2007]; see People v Schafer, 81 AD3d 1361, 1362 [4th Dept 2011], lv denied 17 NY3d 861 [2011]).
We reject defendant's contention that the rape conviction is not supported by legally sufficient evidence because the trial evidence was insufficient to establish that he was over 21 years old when he committed the crime of statutory rape in the third degree (Penal Law
§ 130.25 [2]). Here, we conclude that there is a valid line of reasoning and permissible inferences by which the jury could have determined that the birth certificate admitted in evidence belonged to defendant and, coupled with other evidence presented by the People, that defendant was 29 years old when he began his relationship with the victim (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Griffin, 48 AD3d 1233, 1235-1236 [4th Dept 2008], lv denied 10 NY3d 840 [2008]; see also People v Perryman, 178 AD2d 916, 918 [4th Dept 1991], lv denied 79 NY2d 1005 [1992]; People v Patterson, 149 AD2d 966, 966 [4th Dept 1989], lv denied 74 NY2d 745 [1989]). Finally, the sentence is not unduly harsh or severe.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court