People v Sommerville (2018 NY Slip Op 02038)





People v Sommerville


2018 NY Slip Op 02038


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


56 KA 16-00326

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SIR PRINCE SOMMERVILLE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered February 8, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law
§ 120.05 [2]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as the perpetrator (see People v Henley, 145 AD3d 1578, 1579 [4th Dept 2016], lv denied 29 NY3d 998 [2017], reconsideration denied 29 NY3d 1080 [2017]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim testified that he was well acquainted with defendant, and he identified defendant as the person who shot him. Moreover, defendant demonstrated his consciousness of guilt by attempting to bribe the victim into not testifying. The jury reasonably found defendant's exculpatory testimony incredible and rejected it (see People v Nunez, 147 AD3d 423, 423 [1st Dept 2017], lv denied 29 NY3d 951 [2017]) and, notwithstanding minor inconsistencies in the testimony of the People's witnesses, "there is no basis for disturbing the jury's determinations concerning credibility" (People v Sykes, 47 AD3d 501, 502 [1st Dept 2008], lv denied 10 NY3d 817 [2008]; see People v McCallie, 37 AD3d 1129, 1130 [4th Dept 2007], lv denied 8 NY3d 987 [2007]).
Contrary to defendant's contention, County Court responded meaningfully to a jury note requesting a readback of testimony from the victim and the paramour of defendant's brother regarding the bribery attempt (see generally CPL 310.30; People v O'Rama, 78 NY2d 270, 276 [1991]), and it did not abuse its discretion in declining to read back a portion of the paramour's cross-examination that was not directly responsive to the jury's request. Although a meaningful response to a request for a readback of testimony "is presumed to include cross-examination which impeaches the testimony to be read back" (People v Grant, 127 AD3d 990, 991 [2d Dept 2015], lv denied 26 NY3d 968 [2015] [internal quotation marks omitted]; see People v Berger, 188 AD2d 1073, 1074 [4th Dept 1992], lv denied 81 NY2d 881 [1993]), the portion of the paramour's cross-examination at issue here did not in any way impeach her direct testimony about the bribery attempt. Thus, it cannot be said that the court abused its "significant discretion in determining the proper scope and nature of the response" to the jury's note (People v Taylor, 26 NY3d 217, 224 [2015]; see People v Jones, 297 AD2d 256, 257 [1st Dept 2002], lv denied 98 NY2d 769 [2002]; cf. People v Morris, 147 AD3d 873, 874 [2d Dept 2017]).
Defendant's remaining contention is unpreserved for our review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL [*2]470.15 [6] [a]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court