People v Hugginis (2018 NY Slip Op 05198)





People v Hugginis


2018 NY Slip Op 05198


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2014-01410
 (Ind. No. 2212/11)

[*1]The People of the State of New York, respondent,
v
Ralph Hugginis, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered January 30, 2014, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, robbery in the second degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court improperly discharged a sworn juror mid-trial based on her absence due to illness without fully ascertaining her ability to continue as a juror despite her illness. However, as this Court previously determined on the appeal of a codefendant with whom the defendant was tried (see People v Walker, 141 AD3d 678), the Supreme Court conducted a reasonably thorough inquiry into the juror's unavailability and providently exercised its discretion in replacing the juror after determining that the juror was not likely to appear within the two-hour period set forth in CPL 270.35(2) (see People v Jeanty, 94 NY2d 507).
The defendant's contention that he was deprived of a fair trial by certain summation remarks made by the prosecutor is unpreserved for appellate review since counsel either failed to object to the comments or failed to object with sufficient specificity (see People v Charlton, 27 AD3d 658). In any event, the challenged remarks either were within the bounds of permissible rhetorical comment, were fair comment on the evidence and the reasonable inferences to be drawn therefrom, were fair response to the defense summation, or otherwise did not deprive the defendant of a fair trial (see People v Hawley, 112 AD3d 968).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court