People v Sam (2018 NY Slip Op 06122)





People v Sam


2018 NY Slip Op 06122


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2014-08523
 (Ind. No. 9079/12)

[*1]The People of the State of New York, respondent,
v
Dahan Sam, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered September 3, 2014, convicting him of attempted aggravated assault upon a police officer, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was being pursued through a housing project by a plainclothes police officer and two uniformed police officers when he tripped over a knee-high fence. As he fell, the defendant allegedly turned and pointed his gun at the plainclothes officer and one of the uniformed officers, firing two shots. Two of the officers returned fire, striking the defendant.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Webster, 153 AD3d 733, 733; People v Brown, 240 AD2d 587, 587-588; People v Smith, 162 AD2d 736, 736). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Webster, 153 AD3d at 733; People v Kirksey, 107 AD3d 825). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, the discrepancies and inconsistencies in the police officers' testimony were not of such magnitude as to render their testimony incredible (see People v Bessard, 80 AD3d 773, 774; People v Serna, 69 AD3d 886). The discrepancies were fully explored at trial and could be considered by the jury in assessing the police officers' credibility (see People v Jones, 79 AD3d 1073, 1074).
The defendant's contention that the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) deprived him of due process and a fair trial is without merit (see People v Walker, 141 AD3d 678). That the prior conviction and the charged crime are both in the nature of assault did not automatically preclude the prosecutor from using evidence of the prior conviction for impeachment purposes (see People v Hayes, 97 NY2d 203, 208; People v Carrion, 265 AD2d [*2]564, 565). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence so outweighed its probative worth that its exclusion was warranted (see People v Walker, 141 AD3d at 678; People v Lopez, 37 AD3d 496, 497). The likelihood that the scope of permissible cross-examination would have influenced the jury to believe that the defendant had a propensity to commit the crime charged was not great (cf. People v Calderon, 146 AD3d 967). Moreover, that the defendant may have been the only possible source of testimony for his defense increased the importance of his testimony and his credibility, and did not mandate a ruling prohibiting inquiry about his prior conduct (see People v Edwards, 118 AD3d 909; People v Garcia, 45 AD3d 860, 861; People v Lopez, 37 AD3d at 497; People v Cruz, 21 AD3d 967, 968).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court