People v Wood (2018 NY Slip Op 06277)





People v Wood


2018 NY Slip Op 06277


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2012-03734
 (Ind. No. 7003/01)

[*1]The People of the State of New York, respondent,
v
Ellis Wood, appellant.


The Legal Aid Society, New York, NY (Arthur H. Hopkirk of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered March 21, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant correctly contends that the Supreme Court's handling of two jury notes failed to comply with CPL 310.30, in accordance with the procedure outlined in People v O'Rama (78 NY2d 270). "[W]henever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel" (id. at 277-278; see People v Webster, 153 AD3d 733; People v Gough, 142 AD3d 673, 674). " After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses. The court should then ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to any potentially harmful information. Once the jury is returned to the courtroom, the communication should be read in open court'" (People v Webster, 153 AD3d at 734, quoting People v Gough, 142 AD3d at 674; see People v Silva, 24 NY3d 294, 299). "Where a trial court fails to provide counsel with meaningful notice of the precise content of a substantive juror inquiry, a mode of proceedings error occurs, and reversal is therefore required even in the absence of an objection'" (People v Webster, 153 AD3d at 734, quoting People v Nealon, 26 NY3d 152, 157).
Here, the subject jury notes requested "material evidence" and "Ms. Bernard Testimony read back." The Supreme Court did not read the contents of either note into the record, but rather apprised counsel of the contents of the notes in general terms. The court then convened the jury, and the testimony of the specified witness was read back.
Although the defendant failed to object to the manner in which the Supreme Court handled these notes, under the circumstances of this case, the court violated People v O'Rama and committed a mode of proceedings error, obviating the need for preservation, by failing to provide [*2]the defendant with notice of the "precise contents" of the notes prior to giving its responses (People v Nealon, 26 NY3d at 157; see People v Webster, 153 AD3d at 734). The jury's requests for "material evidence" and a readback of witness testimony were not mere ministerial inquiries, but rather substantive jury notes, the precise contents of which the court was required to disclose (see People v O'Rama, 78 NY2d 270; People v Webster, 153 AD3d 733; cf. People v Morris, 27 NY3d 1096; People v Nealon, 26 NY3d at 161; People v Mays, 20 NY3d 969). Accordingly, the court's failure to provide counsel with meaningful notice of either of these substantive jury notes requires reversal of the judgment and a new trial.
The defendant's remaining contentions, which concern issues that may arise at his retrial, are without merit.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court