The People of the State of New York, Respondent, 
against
Ahmed Bah, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered October 20, 2014, after a jury trial, convicting him of petit larceny and criminal possession of stolen property in the fifth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.), rendered October 20, 2014, affirmed.
Defendant's challenge to the court's supplemental instruction is unpreserved for appellate review since he failed to object to the charge as delivered or request a mistrial, and we decline to review it in the interest of justice (see CPL 470.05[2]; People v Morris, 27 NY3d 1096 [2016]; People v Keschner, 25 NY3d 704, 721 [2015]; People v Davis, 176 AD3d 634, 635 [2019]). As an alternative holding, we find that the single misstatement in the court's supplemental instruction as to the property at issue in this petit larceny/criminal possession of stolen property prosecution did not constitute reversible error. Viewed as a whole, the charge correctly conveyed to the jury that the complainant's debit card was the property alleged to have been stolen and possessed by defendant, and that the swipe of $10.40 on said card allegedly made by defendant was evidence of defendant's taking and possession of the stolen property (see People v Umali, 10 NY3d 417, 426-427 [2008], cert denied 556 US 1110 [2009]). In any event, the error was harmless given the overwhelming evidence of defendant's guilt and there was no significant probability that the error contributed to the defendant's conviction (see People v Mairena, ___ NY3d ___, 2019 NY Slip Op 08978 [2019]; People v Crimmins, 36 NY2d 230, 241—242 [1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concur
Decision Date: January 27, 2020